UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL SMITH,

                Plaintiff,        14-CV-186

    - against -

RJM ACQUISITIONS, LLC,

               Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS THE COMPLAINT**

LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, New York 10005
212-232-1300
*Attorneys for Defendant*

## PRELIMINARY STATEMENT

Defendant RJM Acquisitions, Inc. ("RJM"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., and for a protective order pursuant to Rule 26(c), Fed. R. Civ. P., staying discovery until this motion has been adjudicated.

The barebones Complaint filed by Plaintiff Michael Smith ("Smith") seeks relief based on RJM's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and New York General Business Law § 349, in connection with a debt Smith incurred as a result of an overdrawn HSBC checking account. Smith avers that RJM sent an October 1, 2013, letter to him that offered settlement options for the account that reflected his last payment was November 14, 2006 ("the Letter"). The Complaint alleges that RJM reported the account to credit rating agencies as having been opened in 2009, despite the 2006 date set forth in the Letter, in an attempt to coerce Smith into making payment on a time-barred debt. Notably, the Complaint ignores that the Letter also advises Smith that his checking account was opened in 2001, that RJM purchased his debt in 2009, and that the debt was past the statute of limitations. Thus, even if Smith believed that the 2009 date on his credit report – which accurately reflected when the RJM collection account was opened – was in error – which the Complaint does not allege he believed - he could not have been misled as to the legal status of the debt due to the Letter's clear language. A review of the Letter shows that RJM acted in good faith and did not engage in any prohibited deceptive practices in attempting to collect on this debt, and that RJM actually provided Smith a greater level of detail than is required. This Court should not entertain claims under the FDCPA or GBL § 349 based solely on a complete mischaracterization of RJM's communication to Smith and that fail to state any viable claim that either statute was violated.

1

## STATEMENT OF FACTS

**The Allegations of the Complaint**

The first count of the Complaint contains sparse boilerplate allegations that RJM violated 15 U.S.C. §§ 1692, 1692e and 1692g (Complaint ¶¶ 28-35). The Complaint also attempts to assert a cause of action under N.Y. Gen. Bus. Law § 349, alleging that RJM engaged in deceptive business practices, namely the reporting of the allegedly incorrect date of the debt (Complaint ¶¶ 36-41).

The Complaint alleges that RJM contacted Smith concerning an allegedly overdrawn HSBC checking account (Complaint ¶ 18). The Complaint identifies only one contact via an October 1, 2013, letter by which RJM allegedly "demanded payment" from Smith (Complaint ¶ 19). The Complaint alleges that the Letter listed the last date of payment on the account as November 16, 2006, but that RJM reported the account to credit reporting agencies as having been opened in 2009 (Complaint ¶¶ 19-20). The Complaint does not identify the credit agencies to which the report was allegedly made. The Complaint further alleges that this reporting of the debt to the credit agencies was an attempt to induce payment on an account that was past the statute of limitations for suit and credit reporting (Complaint ¶ 22). The Complaint does not identify the applicable statute of limitation. The Complaint also alleges that RJM failed to report the debt as disputed, that it failed to cease collection until after the debt was verified, and that RJM did not send Smith the required "verification rights notice" (Complaint ¶¶ 23, 32-35).

**The Documentary Evidence Referenced in the Complaint**

The Court should consider the content of RJM's allegedly deceptive Letter. It is annexed as Exhibit C to the accompanying declaration of Peter T. Shapiro, Esq. (the "Shapiro Decl."). The Letter informs Smith of when his account was open and its present age. The Letter states that

2

Smith's HSBC checking account was opened on October 1, 2001, that his last payment was November 14, 2006, and that RJM acquired the debt on July 2, 2009.

## ARGUMENT

### I. THE APPLICABLE LEGAL STANDARDS AND STATUTES

#### A. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss tests the legal sufficiency of the claim stated in the complaint. Rule 12(b)(6), Fed. R. Civ. P. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 12(b)(6) allows a party to move for dismissal based on the pleader's "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). However, a case will not be allowed to proceed absent "a complaint with enough factual matter (taken as true) to suggest the required element." Twombly, 550 U.S. at 556. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555.

The Court should dismiss under Rule 12(b)(6) a pleading that lacks any cognizable basis in law and should disregard "legal conclusions, deductions or opinions couched as factual allegations." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007); United States v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 27 (2d Cir. 1989).

Pursuant to Rule 8(a), a pleading must give "fair notice" of both the claim and "the grounds upon which it rests" in order to enable the opposing party to answer, prepare for trial and identify the nature of the case." Dura Pharm., Inc. v. Broudo, 444 U.S. 336, 346 (2005)(citation omitted). Accordingly, the plaintiff "must allege . . . those facts necessary to a finding of liability." Amron v. Morgan Stanley Invest. Advisors Inc., 464 F.3d 338, (2d Cir. 2006) (citing Broudo, 444 U.S.at 346-7). The plaintiff is subject to a pleading obligation "to provide the 'grounds' of his 'entitlement to relief' . . ." Twombly, 550 U.S. at 555 (citation omitted).

Courts in the Second Circuit have not hesitated to grant 12(b)(6) motions in FDCPA cases when, as here, the debt collection letters at issue did not, as a matter of law, provide the basis for a statutory violation. See, e.g., Lerner v. Forster, 240 F. Supp.2d 233 (E.D.N.Y. 2003); Shapiro v. Dun & Bradstreet Receivable Mgmt. Srvs., 209 F. Supp.2d 330 (S.D.N.Y. 2002); Harrison v. NBD Inc., 968 F. Supp.2d 837 (E.D.N.Y.1997).

### B.     The Applicable FDCPA Provisions

The FDCPA establishes certain rights for consumers whose debts are placed in the hands of debt collectors for collection, and requires that such debt collectors advise the consumers concerning specified rights. DeSantis v. DeSantis, 269 F.3d 159, 161 (2d Cir. 2001). The instant Complaint alleges violations of FDCPA §§ 1692 generally, and 1692(e) and 1692(g) specifically.

Section 1692g provides in relevant part that an independent debt collector soliciting payment from a consumer must provide a detailed validation notice. The notice must include the amount of the debt, the name of the creditor, a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests.

As the Second Circuit explained in Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 89 (2d Cir. 2008), if the consumer notifies the debt collector in writing within the aforementioned 30 day dispute period that he or she disputes the debt, the debt collector must cease collection activities. However, the thirty day window is not a grace period. Accordingly, in the absence of a dispute notice from the consumer, the debt collector is allowed to demand immediate payment and to continue collection activity. Id.

FDCPA § 1692e - also at issue herein - prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt". This includes the false representation of the legal status of any debt and the communication – or threatening of such communication – of credit information that is known to be false.

When determining whether either §§ 1692g or 1692e have been violated, the Second Circuit uses an objective standard, measured by how the 'least sophisticated consumer' would interpret the debt collector's notice. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). When a collection letter contains language that 'overshadows or contradicts' mandatory language that informs the consumer of his or her rights under the FDCPA, the letter violates § 1692g. Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998). According to the Second Circuit, a debt collection notice is overshadowing and contradictory if it fails to convey the validation information clearly and effectively and consequently makes the least sophisticated consumer uncertain as to his or her rights. Id. A collection notice is "deceptive" and thus violates FDCPA § 1692e(10) when it can be reasonably read to have two or more different meanings, one of which is inaccurate. Russell v. Equifax, 74 F.3d 30, 35 (2d Cir. 1996).

## II. PLAINTIFF HAS NOT PLEADED FACTS SUFFICIENT TO STATE ANY CLAIM FOR RELIEF

### A. The Complaint Does Not State A Claim for a Violation of § 1692e

The Complaint bases its allegation that RJM engaged in a deceptive practice in violation of § 1692e on alleged conduct that was clearly not deceptive and did not deceive Smith and would not have deceived the least sophisticated consumer. RJM allegedly reported Smith's account to credit reporting agencies as having been opened in 2009, allegedly as part of an attempt to mislead Smith about the legal status of the debt and coerce him into making payment. This allegation would suggest that Smith wants this Court to believe that he viewed his credit report, noted a date of 2009, and was deceived into believing that his account was only approximately four years old and not past the statute of limitation[1]. Of course, Smith would well know the date of his own debt and recognize the 2009 date as matching the date listed on the Letter as when RJM purchased the debt. Moreover, the Complaint does not actually allege that Smith became confused as to the age of his debt upon viewing his credit report. In any event, the Letter fully informs Smith of his rights and the status of his debt and was not misleading.

Most critically, Smith's claim appears to be predicated on a misunderstanding of the applicable law. Smith appears to presume that the FDCPA is violated when a debt collector seeks to collect on a time-barred debt. That is not the case. First, it is has long been the law of New York that the legal unenforceability of a debt does not extinguish the debt itself. Greenley v. Greenley, 114 A.D. 640, 643, 100 N.Y.S 114, 117 (4th Dept. 1906) ("the fact that the notes may not be enforceable by an action at law, pure and simple, does not prevent the plaintiff from taking advantage of any

---

[1] The Complaint alleges that the debt was past the statute of limitations for credit reporting. It does not contain any claims under the Fair Credit Reporting Act.

other remedy available to [it]"); In re Hess, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) ("while the statute of limitations acts as a bar to recovery of a debt after a stated period, it ordinarily does not extinguish the debt itself"); Cyan Contr. Corp. v. New York State Dormitory Auth., 09 Civ. 603, 2011 U.S. Dist. LEXIS 119371, at *33 (S.D.N.Y. July 11, 2011).[2] Moreover, a debt collector does not run a foul of the FDCPA in attempting to collect on a time-barred debt as long as the debt collector does not threaten to sue on the time-barred debt. Larsen v. JBC Legal Group, P.C., 533 F. Supp.2d 290, 303 (E.D.N.Y. 2008) (stating that it is permissible to seek collection on a time barred debt, although the collector is prohibited from threatening litigation with respect to the debt); Goins v. JBC & Associates, 352 F. Supp.2d 262, 272 (D. Conn. 2005) (threat to bring suit on a claim barred by a statute of limitations would be misleading under § 1692e). RJM's Letter includes the necessary language to ensure that it is not deceptive or misleading and does not violate the statute even though RJM seeks to collect on a time-barred debt. Most critically, RJM does not threaten to file suit based on the time-barred debt and even confirms that the debt was time-barred and thereby conveyes that the debt could not and would not be the subject of a collection lawsuit.

This Court should give short shrift to Smith's claims because they rely either upon a misreading of the Letter or disregard of its contents. The Letter clearly informs Smith of the date his account was opened and its present age. The Letter states that Smith's HSBC checking account was opened on October 1, 2001, his last payment was November 14, 2006, and that RJM acquired the debt on July 2, 2009 (Shapiro Decl. C).[3] More importantly, the Letter contains the following statement contained in a separate text box – "The law limits how long you can be sued on a debt, and

---

[2] A copy of this unreported decision is annexed.

[3] The Court may consider documents that are the fulcrum on which Plaintiff's claims rest and which demonstrate that the claims are not tenable. Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

your debt is beyond that limitation." By including an unequivocal statement that Smith's debt is beyond the statute of limitations, RJM provided Smith information that it was under no obligation to provide in order to engage in permissible debt collection practice. See Larsen, 533 F. Supp.2d at 303. The Letter could not be clearer to even the most unsophisticated consumer with regard to the age and legal status of the debt. The 2009 date Smith allegedly saw on his credit report is also reflected in the Letter itself as the date RJM purchased the debt.[4] Thus, Smith simply could not have been mislead by the inclusion of that date on his credit report given how clear the Letter is in explaining the significance of the various dates set forth. Moreover, the Complaint does not even allege that Smith saw the 2009 date on his credit report and believed that this was when the checking account was opened and that it was not past any statute of limitation.

In sum, examination of Smith's allegations in light of the Letter reveals that the least sophisticated consumer could not have been misled and for that reason no claim for relief has been stated under § 1692e. Clomon, 988 F.2d at 1318.

### B. The Complaint Does Not State A Claim for a Violation of § 1692g

The Complaint alleges that the Letter does not include the verification or validation rights notice required by § 1692g(a). That statute requires a debt collector to advise the debtor in writing of the amount of the debt, the identity of the creditor, a statement that the debt will be presumed valid unless disputed within 30 days, and that the debt collector will obtain verification of the debt and provide the debtor with the name and address of the original creditor if the debtor so requests in the 30 day period. 15 U.S.C. § 1692(g)(a)(1)-(5). A debt collection letter containing a validation notice

---

[4] The Consumer Data Industry Association Guidelines require that debt collectors report the date they acquired the debt as the date the debt account was opened.

8

will not violate the FDCPA unless another part of the letter "overshadows" or "contradicts" the information in the notice. Savino, 164 F.3d at 85; Lerner, 240 F. Supp.2d 233, 238.

Statements in a letter that instruct the consumer to contact the debt collector, discuss alternate payment plans or even reference potential litigation do not overshadow or contradict a validation notice. Id. (letter stating that debtor could either contact the creditor for payment arrangements or refer to the validation notice for disputing the debt did not violate § 1692(g)); Shapiro v. Riddle & Associates, 240 F. Supp.2d 287 (S.D.N.Y.) (reference to potential litigation did not render letter's validation notice misleading to the least sophisticated consumer), aff'd, 351 F. 3d 63 (2d Cir. 2003).

The Letter does not contain any overshadowing or contradictory statements. The Letter is a model of clarity; it sets forth three settlement options and does not threaten potential litigation, and instead it informs Smith that he cannot be sued on his debt. Thus, the Letter is even more clearly compliant than those held not to violate the statute in the cited cases.

In any event, the Complaint does not even allege that the validation notice was overshadowed or contradicted or that it was otherwise unclear. Instead, it merely contains the conclusory allegation that RJM violated § 1692(g)(a) by not sending the required notice (Complaint ¶ 35). This allegation is belied by even a cursory reading of the Letter, which clearly confirms that it contains all of the required information set forth in § 1692g(a) (Shapiro Decl. Ex. C). Because the Letter contains all required validation notice language by closely tracking the required statutory language and does not contain any language that would overshadow or contradict that language, the allegation that RJM failed to send a validation notice should be rejected out of hand. Lerner, 240 F. Supp.2d 233, 238 (granting motion to dismiss claim for violation of § 1692g(a) based upon a clear validation notice without contradictory or overshadowing language).

The Complaint also alleges that RJM violated §1692g(b) by not acknowledging the debt as disputed and not ceasing collection activities until after it verified the debt (Complaint ¶¶ 23, 32). Critically, the Complaint fails to allege that Smith ever disputed the debt or even that he disputes it now. Pursuant to § 1692g(b), a debt collector is obligated to cease collection activity if it receives notification from the debtor that it is disputing the debt and if not disputed the debt collector may presume the debt to be valid. Here, the Letter informs Smith of his right to dispute the debt within 30 days as required by § 1692g(a) and that the debt would be presumed valid if not disputed. In order for the Complaint to state at least a plausible claim for violation of the FDCPA by failing to acknowledge a debt as disputed or for not ceasing collection activity on a disputed debt, the plaintiff must allege that he actually disputed the debt. Smith does not so allege. See Jacobson, 516 F.3d at 89 (stating that in the absence of a dispute notice the debt collector may continue collection activities); Johnson v. Capital Management Services, 2011 U.S. Dist. LEXIS 138023 at 16 (W.D.N.Y.) (stating that only a written dispute notice triggers a debt collector's obligation to cease collection activity).

Additionally, Smith does not identify what if anything RJM did to continue collecting his debt after any putative notice by him that the debt was disputed. Accordingly, Smith's allegation that RJM failed to cease collecting the debt until it was verified fails to state a claim. Again, the Complaint's conclusory allegations that RJM violated § 1692g(b) – without the requisite factual allegations that Smith actually took some action to dispute the debt and that RJM continued collection activity thereafter – are insufficient to maintain a claim under the Twombly pleading standard. 550 U.S. at 556. Because the Complaint merely asserts one element of the statutory claim, the Complaint does not give "fair" notice of the claims asserted and the grounds upon which they rest in order to enable RJM to answer and identify the nature of the case. Id. The Complaint's glaring pleading deficiencies warrant dismissal.

## C. The Complaint Does Not State A Claim Under GBL § 349

Count Two of the Complaint alleges that RJM violated GBL § 349 by reporting Smith's debt to credit rating agencies with either a later date than the date on which the account was opened, or with a later date for when the last payment was made. As demonstrated below, this allegation does not state a claim upon which relief can be granted.

GBL § 349, entitled "Consumer Protection from Deceptive Acts and Practices", prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." This count not only fails to state a claim under GBL § 349, but is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* (the "FCRA").

Section 15 U.S.C. § 1681t(b)(1)(F) of the FCRA preempts any state law with respect to the subject matter regulated under § 1681s-2, which pertains to the responsibilities of furnishers of information to credit reporting agencies. Here Smith's allegation – that RJM knowingly reported false information to credit reporting agencies - falls squarely within the conduct prohibited by § 1681-s, which states, in pertinent part, "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A).

The Second Circuit has held that GBL § 349 claims based upon allegations of false reporting to credit agencies are preempted by the FCRA. Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45 (2d Cir. 2011) (dismissing state law claim of false reporting to credit rating agency as preempted by § 1681t). See also, Dickman v. Verizon Communications, Inc., 876 F. Supp.2d 166 (S.D.N.Y. 2012) (GBL § 349 claim based upon alleged false reporting of $200 balance by lender preempted by FCRA); Okocha v. HSBC Bank USA, N.A., 700 F. Supp.2d 369 (S.D.N.Y. 2010) (claim based on allegedly false statements regarding purported debt to credit reporting agencies

"falls squarely within the preemptive scope of Section 1681t…"). Accordingly, inasmuch as Smith's § 349 claim is predicated on such improper reporting, it is preempted.

Smith's GBL § 349 claim also fails to state a valid claim under this statute. The elements of a claim for relief pursuant to § 349 are: (1) that the challenged act or practice was consumer-oriented; (2) that it was misleading in a material way; and (3) that the plaintiff suffered injury as a result of the deceptive act. Stutman v. Chemical Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 895 (2000). As the New York Court of Appeals held in Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532 (1995), deceptive acts and practices within this statute are limited to representations/omissions likely to mislead a reasonable consumer acting reasonably under the circumstances. In order to satisfy the first element the plaintiff must show that the alleged acts or practices have a broader impact on consumers at large. Stutman v. Chemical Bank, 95 N.Y.2d at 29; McCarthy v. Wachovia Bank, N.A., 759 F. Supp.2d 265, 281 (E.D.N.Y. 2011). A simple private dispute is not actionable under GBL § 349. Id.

The Complaint attempts to satisfy the public harm element by alleging in conclusory fashion that "Defendant's actions . . . have caused both consumer injury and harm to the public interest" (Complaint ¶ 40). Yet the Complaint does not allege harm to any other specific group or groups of consumers or provide any factual basis to support a claim that anyone other than Smith was harmed by the actions complained. Courts have permitted GBL § 349 claims to go forward only when the alleged wrongdoing consists of blatant misrepresentations that appear to have been widely disseminated. Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp.2d 215 (N.D.N.Y. 2010), is instructive. There plaintiff's claim was based upon conduct by the defendant law firm – a notorious debt collection mill – of sending three collection letters within one month, one demanding payment, one offering a discount and one threatening legal action. Id. at 217. Plaintiff alleged that the

sequencing of the letters was misleading and deceptive. The court found that the plaintiff had stated a *prima facie* case under GBL § 349 based on the defendant's use of boilerplate misrepresentations as part of a repeated practice. Id. at 224. By contrast, here, Smith alleges only that an allegedly different date – outside the statute of limitations – was reported, and only to Smith. That conduct is hardly akin to the widespread misrepresentations at issue in Ellis. The unique and specific nature of the alleged harm to this plaintiff is simply not suggestive of broad consumer oriented conduct. See also, Cyphers v. Litton Loan Servicing, LLP, 503 F. Supp.2d 547, 553 (N.D.N.Y. 2007) (evidence defendant's conduct towards plaintiff may have been standard practice gave rise to inference that the defendant's alleged conduct was consumer-oriented and thus subject to GBL § 349).

Moreover, Smith's allegations about RJM's allegedly deceptive conduct do not satisfy the requirement that the allegedly actionable conduct would mislead a reasonable consumer. Section 349's reasonable consumer standard is more stringent than the least sophisticated consumer standard of the FDCPA. Giselle Fritz v. Resurgent Capiutal Services, LP, 955 F. Supp.2d 163, 174 (E.D.N.Y. 2013). As demonstrated above, because the Complaint does not contain allegations of conduct that would mislead the least sophisticated consumer, it follows that the stricter standard under GBL § 349 has not been met here.

### III. DISCOVERY SHOULD BE STAYED

Given the patent insufficiency of the Complaint as a basis to proceed in this Court, a stay of discovery pursuant to Rule 26(c) is appropriate. Rule 26(c) provides this Court with the discretion to stay discovery for "good cause." A motion to stay discovery pending the determination of a dispositive motion is an appropriate exercise of a court's discretion. Because the adjudication of the pending motion to dismiss is likely to result in a speedy dismissal, which would obviate the need for costly and time-consuming discovery, movants respectfully submit that a stay of discovery is

appropriate pending resolution of this motion. See generally, Avnet, Inc. v. American Motorists Ins. Co., 115 F.R.D. 588, 592 (S.D.N.Y. 1987); F.H. Krear & Co. v. 19 Named Trustees, 91 F.R.D. 497, 498 (S.D.N.Y. 1981).

A stay of discovery is appropriate here as Smith has asserted threadbare allegations that are clearly refuted by the very Letter that gave rise to this action and are otherwise clearly not viable. Under the circumstances, Smith should not be permitted the opportunity to take advantage of the liberal discovery typically afforded litigants in federal court on the basis of such bogus claims.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the motion should be granted in its entirety and the Complaint dismissed with prejudice and that discovery should be stayed pending adjudication of the motion.

Dated: April 22, 2014

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Peter T. Shapiro
Peter T. Shapiro, Esq.
*Attorneys for Defendant*
77 Water Street, Suite 2100
New York, New York 10005
212-232-1300
peter.shapiro@lewisbrisbois.com