UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL SMITH,

                              Plaintiff,

                  -vs-                                                  14-CV-186-JTC

RJM ACQUISITIONS, LLC,

                              Defendant.

---

In the complaint in this action, plaintiff Michael Smith seeks declaratory relief and damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and New York General Business Law ("GBL") § 349, based on alleged consumer debt collection and reporting activities on the part of defendant RJM Acquisitions, LLC ("RJM"). *See* Item 1, pp. 5-10 (Complaint). In lieu of an answer, defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted. Item 6. For the following reasons, defendant's motion is granted in part and denied in part.

## **BACKGROUND**

Plaintiff alleges that RJM contacted him by letter dated October 1, 2013, demanding payment on an alleged overdrawn HSBC Bank Checking Account, listing the last payment date as November 14, 2006. Item 1, ¶¶ 18-19. Plaintiff claims that RJM falsely reported the debt to credit reporting agencies ("CRAs") as having been opened in 2009, thereby intentionally "re-aging" the debt in an attempt to force plaintiff to pay an account that was past the statute of limitations for lawsuit and credit reporting purposes. *Id.* at ¶¶ 20-23.

Plaintiff also alleges that RJM failed to report to the CRAs that the debt was disputed; failed to cease collection of the debt until it was verified; and failed to send plaintiff the required "Verification Rights Notice," all in violation of various specific provisions of the FDCPA and the GBL. *Id.* at ¶¶ 23, 32-35.

Defendant contends that the complaint fails to state a plausible claim because the statutory violations alleged are clearly and directly refuted by the statements and information contained on the face of the October 1, 2013 letter, which defendant has attached as Exhibit C to the attorney's declaration in support of the motion to dismiss.[1] *See* Item 7-3. Among other things, the letter advises that RJM is a debt collector; that the letter is an attempt to collect the balance of $415.90 due on plaintiff's account; that the account was originally opened with HSBC on October 1, 2001; that RJM purchased the account from HSBC on July 22, 2009; and that the last payment on the account was made on November 14, 2006. Item 7-3, pp. 2-3. The letter also contains the following notice:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from this current creditor.
>
> The law limits how long you can be sued on a debt, and your debt is beyond that limitation.

---

[1] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

Item 7-3, p. 3.

## DISCUSSION

**I.   Standard on a Motion to Dismiss**

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).  In order to survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "a plausible set of facts sufficient 'to raise a right to relief above the speculative level.' " *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Hunter v. Capital Management Services, LP*, 2013 WL 6795630, at *2 (W.D.N.Y. Dec. 19, 2013).  This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Notably, courts within the Second Circuit "have not hesitated to dismiss claims brought pursuant to the FDCPA where the debt collection letter alleged to have run afoul of the statute does not, as a matter of law, provide the basis for a statutory violation." *Lerner v. Forster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003); *see also Shapiro v. Dun & Bradstreet Receivable Management Services, Inc.*, 209 F. Supp. 2d 330 (S.D.N.Y. 2002)

(language in collection letter not reasonably susceptible to misinterpretation or likely to cause "least sophisticated consumer" to misunderstand his rights), *aff'd*, 59 F. App'x 406 (2d Cir. 2003).

## II.     Count One: FDCPA

In Count One of the complaint, plaintiff claims that RJM's conduct in connection with its attempt to collect the debt at issue violated various provisions of the FDCPA.  The FDCPA's stated purpose is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To accomplish this, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection."  *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).

### A.     15 U.S.C. § 1692e

Plaintiff claims that RJM violated  15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The determination as to whether a debt collector's conduct can be considered "false, deceptive, or misleading" under § 1692e is made from the perspective of the objective "least sophisticated consumer."  *Easterling v. Collecto, Inc.*,

692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

> Under this standard, collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. However, in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness. Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.

*Id.* at 233-34 (internal quotation marks and citation omitted).  By the same token, the FDCPA imposes strict liability, meaning that "a consumer need not show intentional conduct by the debt collector to be entitled to damages."  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

In support of its motion to dismiss plaintiff's claims brought under § 1692e, defendant contends that the least sophisticated consumer could not have been deceived or misled by the clear language of the October 1, 2013 collection letter.  Indeed, even a cursory examination of the letter reveals that, on its face, it clearly and unambiguously informs plaintiff of the date his HSBC account was opened (October 1, 2001), the date of the last recorded payment (November 14, 2006), the unpaid balance due ($415.90), the date RJM acquired the debt (July 22, 2009), RJM's intent to seek collection, and the range of payment options offered.  Viewed from the objective perspective of the least sophisticated consumer, there is nothing in this collection notice to provide a basis for drawing a reasonable inference of false, deceptive, or misleading representations or means in connection with the collection of the debt.

Accordingly, to the extent the complaint alleges that the debt collection letter itself constitutes the use of false representations and deceptive means to collect a debt in violation of § 1692e, the court finds that plaintiff has failed to state a facially plausible claim upon which relief can be granted.

However, plaintiff also pleads violations of two specific subsections of § 1692e: § 1692e(2)(a), which prohibits "[t]he false representation of … the character, amount, or legal status of any debt …," and § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed …." These two subsections can be interpreted to address conduct on the part of debt collectors beyond direct communications with the consumer, such as the reporting activity alleged here. Therefore, accepting as true plaintiff's allegations that RJM falsely reported the status of plaintiff's debt to credit reporting agencies in order to force payment on an account that was past the statute of limitations for lawsuit and credit reporting purposes, the court cannot find that the complaint does not, as a matter of law, provide a facially plausible basis for violations of §§ 1692e(2)(A) and 1692e(8).

### B. 15 U.S.C. § 1692g

Plaintiff further alleges that defendant violated § 1692g(a) "by not sending Plaintiff the required Verification Rights Notice" (Complaint, ¶ 35). Section 1692g(a) provides:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

     (1)  the amount of the debt;

     (2)  the name of the creditor to whom the debt is owed;

     (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

     (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

     (5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

As set forth above, the October 1, 2013 letter contains all of the information required under § 1692g(a). There is nothing in the letter that could reasonably be construed, even by the least sophisticated consumer, as "overshadowing or contradictory" in that "it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to h[is] rights." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) (citing *Russell*, 74 F.3d at 35). Plaintiff has therefore failed to assert a plausible claim for relief under § 1692g(a).

Plaintiff also claims that RJM violated § 1692g(b) "by not ceasing collection efforts until the debt was verified." Complaint, ¶ 32. Section 1692g(b) provides:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the

> debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

In this regard, the complaint is devoid of any allegations to indicate that plaintiff notified RJM in writing, or took any other action to dispute the debt, in order to trigger defendant's obligation under § 1692g(b) to cease its debt collection activities. *See Johnson v. Capital Management Services*, 2011 WL 6012509, at *7 (W.D.N.Y. Dec. 1, 2011) ("[O]nly a written dispute or request for verification will trigger a debt collector's duty to halt collection activities or send verification of the debt by mail."). Nor are there sufficient factual allegations to raise a reasonable inference that RJM engaged in any collection activities or communicated with plaintiff after written notice was given. Plaintiff has therefore failed to allege "a plausible set of facts sufficient to raise a right to relief [under § 1692g(b)] above the speculative level." *Operating Local 649 Annuity Trust Fund*, 595 F.3d 86, 91.

Accordingly, defendant's Rule 12(b)(6) motion is granted to the extent it seeks dismissal of plaintiff's claims for relief based upon defendant's alleged conduct in violation of 15 U.S.C. § 1692g.

### III.     Count Two: New York General Business Law § 349

Count Two of the complaint sets forth a cause of action under GBL § 349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state …." Plaintiff claims that RJM violated this provision by "engaging in a practice of reporting consumer debts to CRAs listing either the account opened date or the last payment date as being years later than the actual open date or last payment date." Complaint, ¶ 39.

Defendant moves to dismiss this claim as preempted by the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer …." 15 U.S.C. § 1681(b); *see Dickman v. Verizon Communications, Inc.*, 876 F. Supp. 2d 166, 171 (E.D.N.Y. 2012). FCRA also imposes a duty on "furnishers of information" to provide accurate information to CRAs, and specifically prohibits reporting a consumer's information to a CRA if the furnisher "knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A).

Under the FCRA, "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies …." 15 U.S.C. § 1681t(b)(1)(F). The Second Circuit has held that this provision preempts false reporting claims made under state law, where the "allegations of

false reporting concern conduct regulated by § 1681s–2." *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011) (*per curiam*) (state law tort claims based on "false information furnished with malice or willful intent to injure" preempted by FCRA), *cert. denied*, ___U.S.___, 132 S.Ct. 2113 (2012); *see also Mendy v. JP Morgan Chase & Co.*, 2014 WL 1224549, at *6 (S.D.N.Y. Mar. 24, 2014) (FCRA preemption rule applies whether state law fraudulent reporting claims "are founded in statute or the common law"); *Sprayregen v. Bank of Am., N.A.*, 2012 WL 2994633, at *2 (D.Vt. July 23, 2012) ("the Second Circuit has expressly … interpret[ed] section 1681t(b)(1)(F) as creating a broad preemption, barring all state law claims").

It is not disputed that plaintiff's claim of false or inaccurate reporting of consumer information in violation of GBL § 349 falls squarely within the subject matter regulated under § 1681s–2 of the FCRA.[2] Accordingly, plaintiff's state law claim is preempted by 15 U.S.C. § 1681t(b)(1)(F), and defendant's motion to dismiss this claim is granted.

## CONCLUSION

For the foregoing reasons, defendant's Rule 12(b)(6) motion to dismiss (Item 6) is granted in part and denied in part.

The complaint is dismissed to the extent it alleges (1) that defendant's October 1, 2013 debt collection letter constitutes the use of false representations and deceptive means to collect a debt, in violation of § 1692e; (2) that defendant failed to send plaintiff the Verification Rights Notice required by 15 U.S.C. § 1692g(a); (3) that defendant failed

---

[2]Notably, plaintiff has not addressed the preemption argument raised by defendant in support of its motion to dismiss the GBL § 349 claim, despite ample opportunity to do so.

to cease collection efforts until the debt was verified, in violation of 15 U.S.C. § 1692g(b); and (4) that defendant's inaccurate reporting of consumer debt to credit reporting agencies violated New York General Business Law § 349.

Surviving in the action are plaintiff's claims (1) that defendant violated 15 U.S.C. § 1692e(8) by communicating to credit reporting agencies credit information which is known to be false (Complaint, ¶ 30), and (2) that defendant violated 15 U.S.C. § 1692e(2)(a) by misrepresenting to credit reporting agencies the legal status of the alleged debt (Complaint, ¶ 30).

Defendant is directed to answer the complaint within twenty (20) days from the date of entry of this decision and order.

So ordered.

                                        \s\ John T. Curtin
                                        JOHN T. CURTIN
                                       United States District Judge

Dated:   July 2, 2014
p:\pending\2014\14-186.jun16.2014